IN THE MATTER OF THE SUSPENSION AND REVOCATION OF THE LICENSE OF GERALD L. WOLFE, D.O., TO MEDICINE AND SURGERY IN THE STATE OF NEW JERSEY.

Superior Court of New Jersey
Appellate Division

Argued May 23, 1978—Decided June 7, 1978.

116

Before Judges LYNCH, BISCHOFF and KOLE.

*Mr. A. Dennis Terrell* argued the cause for appellant (*Messrs. Shanley & Fisher,* attorneys).

*Mr. Bertram R. Goltz, Jr.,* Deputy Attorney General, argued the cause for respondent New Jersey State Board of Medical Examiners (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Mr. William F. Hyland,* former Attorney General; *Ms. Erminie Conley,* Deputy Attorney General, of counsel; *Mr. Steven I. Kern,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

BISCHOFF, J. A. D. Appellant Gerald L. Wolfe, D.O., was charged with violating the Medical Practice Act, *N. J. S. A.* 45 :9–1 *et seq.,* essentially because he illegally permitted his wife to practice medicine without a license. He appeals from the final decision and order of the State Board of Medical Examiners (Board) contending that the Board erred in revoking his license to practice medicine and surgery and imposing fines in the amount of approximately $46,300. Specifically, he claims that (1) the procedures followed by the Board violated his right to due process; (2) the fine imposed exceeded that allowed by statute, and (3) the penalty assessed was grossly disproportionate to the wrongs committed by him.

The proceedings before the Board did not violate present-day concepts of procedural or substantive due process. Despite the Board's apparent failure to adopt specific rules of practice regarding license revocation hearings, appellant was sufficiently advised by a number of statutes of the procedure which would be followed. *Laba v. Newark Bd. of Ed.,* 23 *N. J.* 364, 382 (1957). *N. J. S. A.* 45 :9–16 requires service of a copy of a complaint and a hearing before the Board in person or by an attorney before a medical license can be revoked. *N. J. S. A.* 52 :14B–9 sets out specific requirements of the notice of the charges against a licensee. It also requires a reasonable opportunity for all parties to be heard, provides for a transcript of oral proceedings, requires that findings of fact be based exclusively on the evidence and on matters officially noticed, and provides other safeguards. *N. J. S. A.* 52 :14B–10 deals with the rules of evidence, the permissibility of judicial notice, the requirements for recommended reports and decisions and the prerequisites for a final decision.

Moreover, our reading of the record satisfies us that nothing occurred during this hearing which deprived appellant of due process. *Withrow v. Larkin,* 421 *U. S.* 35, 95 *S. Ct.* 1456, 43 *L. Ed.* 2d 712 (1975).

██ After a hearing the Board concluded that appellant was guilty of conduct in his practice of medicine and surgery which constituted a violation of the Medical Practice Act, *N. J. S. A.* 45:9–1 *et seq.*, sufficient to warrant revocation of his license to practice medicine and surgery. We find that determination of the Board supported by sufficient credible evidence in the record, and we will not disturb it. *In re Suspension of Heller*, 73 *N. J.* 292, 309 (1977).

██ We turn our attention to the monetary penalties imposed. The Board, by order of May 9, 1977, in addition to revoking the license of appellant to practice medicine and surgery, assessed a penalty of $46,300. The Committee that conducted the hearing stated the basis for its recommendation of the penalty in the following manner:

The Committee therefore recommends that in addition to revoking respondent's license to practice medicine and surgery in the State of New Jersey, the Board assess a penalty in the amount of $43,400.00 for employing his wife for a minimum of 434 days to practice medicine and surgery in violation of *N. J. S. A.* 45:9–16(g) ($100.00 per violation) ; $1,900.00 for fraudulently advertising in violation of *N. J. S. A.* 45:9–16(d) as amended by *N. J. S. A.* 45:9–16(j) ($200.00 per year of violation) ; $600.00 for violating the provisions of *N. J. A. C.* 13:35–4.1 in conjunction with *N. J. S. A.* 45:9–16(j) ($200.00 per year of violation) ; $200.00 for fraudulently billing Medicare for services not rendered or non-compensable, in violation of *N. J. S. A.* 45:9–6; and $200.00 for fraudulently billing Amalia Groper for services not rendered in violation of *N. J. S. A.* 45:9–6.

The reason for imposing the penalties appears, in part, in the findings of fact and conclusions of law of the committee of the Board:

\* \* \* In determining the monetary penalty to be imposed the Board should consider the nature and seriousness of the activities involved and the extended period of time during which respondent Wolfe and his wife received unjust enrichment as a result of these activities.

In doing so, the Board exceeded its authority. The statutory grant of authority to the Board contained in *N. J. S. A.* 45:9–1 *et seq.* does not include any broad inherent power to impose penalties based upon the theory of unjust enrichment. *In re Suspension of Heller, supra* at 310. Rather, the authority granted the Board to impose penalties for the illegal practice of medicine and surgery is contained in *N. J. S. A.* 45:9–22, which reads in pertinent part as follows:

> Any person commencing or continuing the practice of medicine and/or surgery * * * in this State * * * or any person, company or association who shall employ for a stated salary or otherwise, or aid or assist any person not regularly licensed to practice medicine and/or surgery * * * in this State, to practice medicine and/or surgery * * * or who violates any of the provisions of this chapter or any supplement thereto, shall be liable to a penalty of two hundred dollars ($200.00), for the first offense.

This statute makes no provision for the imposition of penalties for second or subsequent offenses. While *N. J. S. A.* 45:9–26[1] does provide for additional penalties for subsequent convictions or for continuing the violations of which the offender was previously convicted, this section of the statute is not applicable here. Since these statutes (*N. J. S. A.* 45:9–22; *N. J. S. A.* 45:9–26) authorize the imposition of civil penalties, they are to be strictly construed. *Castellon*

---

[1] *N. J. S. A.* 45:9–26 provides:

In case a person shall, after conviction of any violation of this chapter or any supplement thereto, be again convicted of another violation thereof or of continuing the violation for which such offender was previously convicted, such offender shall be liable to a penalty of five hundred dollars ($500.00) * * *. In case a person shall, after two convictions of violations of this chapter or this act, be again convicted of another violation thereof or of continuing the violation or violations for which such offender was previously convicted such offender shall be liable to a penalty of one thousand dollars ($1,000.00) * * *. The penalty for each subsequent conviction of any violation of this chapter or this act, shall be one thousand dollars ($1,000.00) * * *.

*v. Hudson Cty. Treasurer,* 145 *N. J. Super.* 134, 137 (App. Div. 1976), certif. den. 74 *N. J.* 263 (1977) ; *Sands v. Bd. of Examiners of Electrical Engineers,* 90 *N. J. Super.* 82, 85 (App. Div. 1966), aff'd 54 *N. J.* 484 (1969)..

We do not equate the word "offense" as it is used in *N. J. S. A.* 45 :9–22 with "conviction" as it is used in *N. J. S. A.* 45 :9–26. A second, subsequent or continuing offender may only have enhanced monetary penalties assessed against him after a conviction as a first offender. It is conceded that all of appellant's offenses occurred prior to the filing of the charges on which he was given a hearing. We, therefore, find no warrant for assessing any monetary penalty against appellant other than that authorized for a "first offense."

The Legislature has created many boards and commissions to regulate and control various professions and occupations. The statutes creating these boards and commissions are generally contained in *Title* 45 of the *New Jersey Revised Statutes* and *New Jersey Statutes Annotated.* In those instances where a board or commission has been granted the authority to impose monetary penalties for illegal practices by members of the professions or occupations, the Legislature has clearly indicated the permissible penalties authorized for second or subsequent offenses or violations when enhanced penalties were intended[2].

---

[2]The following are a few examples.
Any person who illegally practices
Architecture : * * * shall be liable to a penalty of not less than $200.00, nor more than $500.00 for the first offense, and a penalty of not less than $500.00 nor more than $1,000.00 for a second or each subsequent offense * * *. [*N. J. S. A.* 45 :3–10]
Public Accounting : * * * shall * * * be liable to a civil penalty of not more than $2,500.00 for each offense. [*N. J. S. A.* 45 :2B–26]
Dentistry : * * * shall be subject to a penalty of $300.00 for the first offense and of $2,000.00 for the second and each

Further, when the Legislature intended to permit the imposition of penalties for each day in a continuing violation, it said so. *N. J. S. A.* 54:40–65. *W. Kingsley v. Wes Outdoor Advertising Co.,* 55 *N. J.* 336, 338 (1970).

*N. J. S. A.* 45:9–22 authorizes the imposition of a penalty of $200 "for the first offense." Additional penalties for further violations are provided for by *N. J. S. A.* 45:9–26, but they are limited to subsequent convictions or for "continuing the violation for which such offender was previously convicted." The appellant must be considered a first offender for the purpose of assessing penalties in this instance.

█ The record amply supports the findings of fact and conclusions of law of the Board that appellant violated:

(1) *N. J. S. A.* 45:9–16,(g), by employing his wife to practice medicine and surgery;

|  | subsequent offense unless otherwise specifically provided. [*N. J. S. A.* 45:6–13] |
| --- | --- |
| Mortuary Science: | * * * shall be subject to a penalty of two hundred dollars ($200.00) for the first offense and to a penalty of five hundred dollars ($500.00) for a second and each subsequent offense. [*N. J. S. A.* 45:7–71] |
| Acupuncture: | * * * shall * * * be liable to a penalty of not less than $500.00 nor more than $1,000.00 for each offense. [*N. J. S. A.* 45:9B–14] |
| and, Any person who illegally operates a Clinical Laboratory: | * * * shall be subject to a penalty of not less than $100.00 nor more than $1,000.00 for each violation. [*N. J. S. A.* 45:9–42.43] |
| Bio-analytical Laboratory: | * * * shall be liable to a penalty of not less than $100.00, nor more than $500.00 for each such offense * * *. [*N. J. S. A.* 45:9–42.21] |
| or, illegally dispenses Hearing aids: | * * * shall be subject to a penalty of $200.00 for the first offense and $500.00 for each subsequent offense. [*N. J. S. A.* 45:9A–19] |

See also, *N. J. S. A.* 45:14–37; *In re Suspension of Heller, supra*

(2) *N. J. S. A.* 45:9–16(d), as amended by *N. J. S. A.* 45:9–16(j), by fraudulent advertising;

(3) *N. J. A. C.* 13:35–4.1, in conjunction with *N. J. S. A.* 45:9–16.(j);

(4) *N. J. S. A.* 45:9–6, by fraudulently billing Medicare for services not rendered or noncompensable;

(5) *N. J. S. A.* 45:9–6 by fraudulently billing Amalia Groper for services not rendered.

Each of these violations constitutes a separate and distinct offense. Each qualifies as a "first offense" for purposes of the penalties authorized.

We therefore vacate the monetary penalties assessed by the Board against appellant and, in the exercise of our original jurisdiction, *R.* 2:10–5, assess a penalty of $200 for each violation of the statute, for a total penalty of $1,000.

The order of the Board is accordingly modified and, as modified, is affirmed.